IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Harold E. KRAUSE, Jr., Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Harold E. KRAUSE, Jr., Respondent.

Supreme Court

*No. 00–0992–D. Filed October 26, 2000.*

2000 WI 114

(Also reported in 618 N.W.2d 527.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Harold E. Krause, Jr., to practice law in Wisconsin be revoked as discipline reciprocal to that imposed upon him in Rhode Island for professional misconduct. On September 21, 1999, the Rhode Island Supreme Court disbarred Attorney Krause, having determined that he had engaged in 31 counts of professional misconduct, including withdrawing without court permission $25,000 from the estate of a person over whom he was appointed guardian, failing to reimburse that estate for $10,350 in excess fees he had charged, failing to segregate the ward's funds in a separate account and commingling them with his own funds, failing promptly to pay bills owed by the ward, continuing to serve as guardian after the court directed his removal, converting a portion of personal injury settlement funds belonging to a minor client, and negotiating a check for a portion of a personal injury settlement after having endorsed it on behalf of the State of Rhode Island without authorization.

¶ 2. We determine that the professional misconduct for which Attorney Krause was disbarred in Rhode Island warrants the revocation of his license to practice law in Wisconsin. In addition to that misconduct, he engaged in misconduct by failing to notify the Board of Attorneys Professional Responsibility of the

Rhode Island disbarment, as required by SCR 22.25(1).[1] In the instant proceeding, he stipulated that he has not supported any claim under SCR 22.25(5)[2] that imposition of discipline identical to that imposed in Rhode Island is not warranted. He stipulated, in addition, to pay the costs of the instant proceeding.

¶ 3. Attorney Krause was admitted to practice law in Wisconsin in February 1970. He resides in Rhode Island and is not practicing law currently in Wisconsin. He was disciplined here previously in 1997, when we suspended his license for one year as discipline reciprocal to discipline imposed previously in Rhode Island.

¶ 4. IT IS ORDERED that the license of Harold E. Krause, Jr., to practice law in Wisconsin is revoked, effective the date of this order.

---

[1] Former SCR 22.25(1), applicable to the instant proceeding, provided:

> An attorney admitted to practice law in this state, upon being subjected to public discipline or suspended for medical incapacity in another jurisdiction, shall promptly inform the administrator of the action. Failure to furnish the notice within 20 days of the effective date of the order or judgment constitutes misconduct.

[2] Former SCR 22.25(5), applicable to the instant proceeding, provided:

> (5) Upon the expiration of 20 days from service of the complaint issued under sub. (2), the referee shall file a report with the court recommending the imposition of the identical discipline or medical suspension unless:
>
> (a) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
>
> (b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the referee could not accept as final, the conclusion on that subject; or
>
> (c) The misconduct established justifies substantially different discipline in this state.

¶ 5. IT IS FURTHER ORDERED that within 60 days of the date of this order, Harold E. Krause, Jr., pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 6. IT IS FURTHER ORDERED that Harold E. Krause, Jr., comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin is revoked.